**UNITED STATES of America,
Appellee,**

v.

**Patrick KILKENNY, Defendant–
Appellant.**

**No. 03–1775.**

United States Court of Appeals,
Second Circuit.

March 15, 2005.

Terence L. Kindlon, Kindlon and Shanks, P.C., Albany, NY., for Appellant.

Sara M. Lord, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York; Robert P. Storch, Senior Litigation Counsel, on the brief) Albany, NY., for Appellee.

Present: WALKER, Chief Judge, MINER, and CABRANES, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **VACATED** and **REMANDED.**

Defendant-appellant Patrick Kilkenny appeals from a judgment entered on February 23, 2004, in the United States District Court for the Northern District of New York (David N. Hurd, *Judge*) sentencing him, following his plea of guilty to bank fraud and related crimes, to a term of imprisonment of 235 months and two terms of 60 months to run concurrently, and ordering him to pay restitution in the amount of $7,860,321.39. We assume familiarity with the facts and procedural history of this case.

On appeal, Kilkenny first argues that the district court improperly sentenced him under the 2002 version of the United States Sentencing Guidelines ("Guidelines") and that he should have been sentenced under the 2000 Guidelines because the criminal conduct to which he pleaded guilty ceased in 2000. He maintains that the application of the 2002 Guidelines resulted in a more severe sentence in violation of the Ex Post Facto Clause of the United States Constitution. *See* U.S. Const. art. I, § 9, cl. 3.

A district court should generally apply the version of the Guidelines that is in effect on the day of sentencing. *See* 18 U.S.C. § 3553(a)(4)(A); U.S.S.G. § 1B1.11(a). However, § 1B1.11(b)(1) directs that

[i]f the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed.

*See also United States v. Gonzalez,* 281 F.3d 38, 45 (2d Cir.2002); *United States v. Zagari,* 111 F.3d 307, 323 (2d Cir.1997). Application Note 2 to § 1B1.11 clarifies that "[u]nder subsection (b)(1), the *last date of the offense of conviction* is the controlling date for ex post facto purposes." U.S.S.G. § 1B1.11, cmt. n. 2 (emphasis added). It explains that a district court should *not* use *subsequent relevant conduct* as a ground for applying a later version of the Guidelines:

For example, if the offense of conviction (*i.e.,* the conduct charged in the count of the indictment or information of which the defendant was convicted) was determined by the court to have been committed between October 15, 1991 and October 28, 1991, the date of October 28, 1991 is the controlling date for *ex post facto* purposes. This is true even if the defendant's conduct relevant to the determination of the guideline range under § 1B1.3 *(Relevant Conduct)* included an act that occurred on November 2, 1991 (after a revised Guideline Manual took effect).

*Id.* (emphasis added).

We believe that because the offense of conviction (the M&T bank fraud) appears to have ceased before the 2002 (or 2001) Guidelines went into effect, the 2000 book

probably should have been applied at the time of the original sentencing. However, we need not definitely decide the question.

While this case was pending on direct review, *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), was handed down by the Supreme Court. Accordingly, we **VACATE** the district court's sentence and **REMAND** for resentencing in conformity with that opinion.

Because we are remanding the case for resentencing, we do not address Kilkenny's other sentencing challenges.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby **VACATED** and **REMANDED.**