**UNITED STATES of America,**
**Appellee,**

v.

**Patrick J. KILKENNY, Defendant–**
**Appellant.**

No. 07–4790–cr.

United States Court of Appeals,
Second Circuit.

Oct. 6, 2008.

Terence L. Kindlon, Esq., Kindlon and Shanks, P.C., Albany, NY, for Appellant.

Paul D. Silver, Assistant United States Attorney, Sara M. Lord, Assistant United States Attorney (of counsel) for Glenn T. Suddaby, United States Attorney for the Northern District of New York, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Patrick Kilkenny appeals from the sentence imposed in the United States District Court for the Northern District of New York (Hurd, *J.*) on July 25, 2003. Kilkenny pled to offenses involving bank fraud, mail fraud, and structuring. Kilkenny's initial sentence (235 months) was vacated in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *United States v. Kilkenny,* 125 Fed.Appx. 360 (2d Cir.2005). Kilkenny appealed the sentence imposed on that remand (216 months) which was vacated on the ground that the district court should have applied the 2000 Sentencing Guidelines rather than the 2002 Sentencing Guidelines. *United States v. Kilkenny,* 493 F.3d 122 (2d Cir.2007). The Guidelines range under the 2000 Guidelines is 97–121 months. On the second re-sentencing (from which this appeal is taken) Kilkenny was sentenced to 216 months for the bank fraud violation, 60 months for the mail fraud violation, and 60 months for the

structured financial transactions violation, to run concurrently. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Kilkenny contends that his sentence is substantively unreasonable because (1) some of the § 3553(a) factors cited by the district court in support of its sentence were already taken into account in computing the Guidelines sentence; (2) mitigating factors balance the aggravating factors and counsel in favor of a within-Guidelines sentence; and (3) the sentence he received was considerably greater than the maximum Guidelines sentence. We review Kilkenny's sentence for reasonableness.

"Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge." *United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006). Instead, "the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions." *Gall v. United States,* — U.S. —, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007); *see also Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007) ("appellate 'reasonableness' review merely asks whether the trial court abused its discretion"). In considering whether the sentence imposed falls "inside or outside the Guidelines range," we review for abuse of discretion. *Gall,* 128 S.Ct. at 596. When considering a sentence outside the Guidelines range, we review the totality of the circumstances and "may consider the extent of the deviation [from the Guidelines], but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 597. Accordingly the Guidelines provide "the starting point and the initial benchmark" for the district court, *id.* at 596, but they do not usurp the district court judge's "superior position to find facts and judge their import under

§ 3553(a)." *Id.* at 597 (quotations and citation omitted). We cannot conclude that the district court abused its discretion here.

■ 1. Kilkenny argues that the district court impermissibly considered certain factors under § 3553(a)—the number of victims and his failure to accept responsibility—that had already been considered in calculating the appropriate Guidelines range.

District courts may decide whether the rough approximation of sentences suggested by the Sentencing Guidelines achieves the objectives of § 3553(a) in each particular instance. *Kimbrough v. United States,* — U.S. —, 128 S.Ct. 558, 574, 169 L.Ed.2d 481 (2007). In making this determination, district courts may "contextually evaluate each § 3553(a) factor, including those factors the relevant guideline(s) already purport to take into account, even if the facts of the case are less than extraordinary." *United States v. Smart,* 518 F.3d 800, 808 (10th Cir.2008). The district court determined that the two-level enhancement for an offense involving more than one victim did not adequately reflect the more than sixty victims of Kilkenny's offenses; and that the denial of a sentence reduction for Kilkenny's failure to take responsibility did not adequately reflect Kilkenny's cavalier attitude as exhibited by his comments to the Probation Officer prior to his first sentencing. We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance" here. *Gall,* 128 S.Ct. at 597.

■ 2. Kilkenny argues that mitigating factors balance the aggravating factors and militate in favor of a within-Guidelines sentence. Kilkenny does not argue that the district court failed to consider relevant mitigating factors; he simply disagrees with the district court's conclusion that the factors supporting an increased

sentence far outweigh those supporting a decrease. This balancing is precisely the task that, under § 3553(a), is assigned to the district court. *Fernandez*, 443 F.3d at 27.

▪ 3. Finally, Kilkenny argues that his sentence was substantively unreasonable. The fact that a sentence exceeds the Guidelines maximum does not mean that the sentence is substantively unreasonable; rather, the sentencing judge must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 128 S.Ct. at 597. And while "a major departure should be supported by a more significant justification than a minor one," due deference must be given to the district court's determination that the § 3553(a) factors justify the extent of the variance. *Id.*

There was no abuse of discretion here. At the sentencing proceeding, the district court heard testimony, considered written submissions, and discussed the § 3553(a) factors. In particular, the district court noted: the number of Kilkenny's victims and the fact that many were close family members and friends; his continued failure to accept responsibility for his crimes; his history of "greed, deceit, lies, and fabrications"; and the terrible impact of his financial crimes on those of his victims who are elderly. After this review, the court imposed a sentence which, in its reasoned opinion, reflected the totality of the circumstances based on reasons that were "sufficiently compelling to support the degree of variance" from the Guidelines calculation. *Gall*, 128 S.Ct. at 597. We agree.

Accordingly, we hereby **AFFIRM** the judgment of the district court.